*503 OPINION.
Milliken :
We are asked to decide in this proceeding that respondent committed error in his refusal to allow as a deduction for the calendar year 1919 additional salaries voted and paid to two officers of the petitioner. We have often stated that when a petition is filed alleging error in the determination of the respondent, evidence must be adduced to prove the error by reason of which the proceeding has been instituted. Counsel for petitioner submitted the case upon the admissions contained in the answer filed by respondent and we have set forth the admissions in our findings of fact. From those meagre facts, we are not able to state that the respondent erred. We do not know whether, pursuant to the provisions of section 234 (a) (1) of the Revenue Act of 1918, the additional salaries paid for the year 1919, constitute a reasonable allowance for personal services actually rendered. Indeed, we would have no basis from the state of the record, for indulging in the assumption that the two officers rendered any service to the petitioner during the year 1919.
Counsel for petitioner was cautioned at the hearing of this cause, that the facts admitted by respondent were not sufficient to entitle him to the relief sought. Subsequent to the hearing, a motion was filed to introduce additional evidence. The motion was denied. In brief filed, many facts, not of record, are related which well might entitle petitioner to a judgment in its behalf, but we must be bound by the facts of record as set forth in our findings of fact.
Petitioner averred in petition filed that respondent erred in allowing as a deduction for the year 1919 certain European traveling *504 expenses of H. D. Slater. In answer filed, respondent admitted the error. In the redetermination of the deficiency for the year 1919, the traveling expenses should be disallowed.

Judgment will l>e entered on 15 days’ notice, wider Bule 50.